THE BOARD OF TRUSTEES OF THE UNIVERSITY OF NORTH CAROLINA AT CHAPEL HILL v. THE UNKNOWN AND UNASCERTAINED HEIRS, IF ANY, OF LILLIAN HUGHES PRINCE, DECEDENT

No. 8215SC972

(Filed 20 September 1983)

1. Trusts § 4— finding of general charitable intent in bequest

The evidence was sufficient to support a trial court's finding that a testator manifested a general charitable intent in a bequest in which she left a sum of money to the University of North Carolina at Chapel Hill for the purpose of erecting a building for the Carolina Playmakers. The testatrix did not indicate that only a particular purpose was intended by her, or that she would have preferred to have the whole trust fail if the purpose was impossible to accomplish. She made several bequests to charity related to the University, the residuary estate was bequeathed to the University, and there was no provision for reversion or gift over if the trust failed.

2. Trusts § 4— finding that charitable trust rendered impracticable or impossible of fulfillment—supported by evidence

A trial court's finding that a change of circumstances rendered a charitable trust impracticable or impossible of fulfillment was supported by the evidence where the express purpose of the trust was the construction of "a building for the Carolina Playmakers," and where the General Assembly allotted a large sum of money to the University for the purpose of erecting a new building for the University's dramatic art department, and the allocation was sufficient without the addition of the charitable trust. The need for the building contemplated by the charitable trust was eliminated by these events, and that constituted changed circumstances rendering the trust impracticable or impossible of fulfillment.

Judge PHILLIPS dissenting.

APPEAL by defendants from *Martin (John C.), Judge.* Judgment entered 9 June 1982 in Superior Court, ORANGE County. Heard in the Court of Appeals 23 August 1983.

Board of Trustees of UNC-CH v. Heirs of Prince

Plaintiff brought this action for Declaratory Judgment under N.C. Gen. Stat. Sec. 1-253 and for reformation of the charitable trust established under Article IX of the will of Lillian Hughes Prince pursuant to the court's statutory power of cy pres as authorized by N.C. Gen. Stat. Sec. 36A-53. Defendants, by and through their court ordered guardian ad litem, answered and counterclaimed for a declaration of resulting trust. Included within the parties' stipulations are the following:

(d) The defendants are all the known, unknown and unascertained persons, if any, and the heirs, devisees, or personal representatives of such persons, who possess or hereafter acquire an interest in any property formerly comprising the Estate of Lillian Hughes Prince.

(e) Lillian Hughes Prince died February 25, 1962, and pursuant to Article IX of her Last Will and Testament bequeathed the residue of her estate in the following manner:

## Article IX

All of the rest, residue and remainder of my property of whatsoever kind and wheresoever located, I give and bequeath to the University of North Carolina at Chapel Hill, in trust nevertheless, to accumulate the income until such time as the University shall determine to use said principal and any accumulated income together with such other funds as may be available to it, for the purpose of erecting a building for the Carolina Playmakers. I ask that a suitable recognition of this gift be placed in or on the building, and it is my hope, without attaching any condition, that the building will be named the "Lillian Prince Theatre."

. . .

(g) Pursuant to Article IX above, the plaintiff originally received approximately $135,000.

(h) As a result of a special appropriation by the General Assembly in 1971, there was constructed on the campus of The University of North Carolina at Chapel Hill a new building, designated as the Paul Green Theatre, to be used for the production activities of The University's Department of Dramatic Art.

The Carolina Playmakers are a part of the Department of Dramatic Art and now make use of the Paul Green Theatre. The funds bequeathed to the University by Mrs. Prince were not used in the construction of this theatre.

The court made the following pertinent findings of fact:

12. The appropriation in 1971 by the General Assembly of sufficient funds to construct a dramatic arts building to the campus of The University of North Carolina at Chapel Hill and the subsequent use thereof by The Carolina Playmakers and related organizations constitute changed circumstances rendering Article IX of the Last Will and Testament of Lillian Hughes Prince impracticable or impossible of fulfillment in that the need for construction of a building for The Carolina Playmakers has been eliminated.

13. The testatrix possessed a general charitable intent to benefit and advance dramatic arts, programs and activities at The University of North Carolina at Chapel Hill as evidenced by her longstanding and close associations with the theatrical and dramatic activities conducted by The University, by the presence within her Will of other bequests to The University or for the benefit of its students; and as evidenced by the fact that the bequest set forth within Article IX of her Will leaves all her residuary estate to The University with no alternative plan or further gift over should the trust set forth therein fail.

14. There is no evidence of any intention on the part of the testatrix to benefit those persons who would take by intestacy as reflected by the absence of any bequests to them in the decedent's Will and as reflected by the absence of any provision for a reversion if the trust created within the residuary clause were to fail.

15. The general charitable intent of the testatrix would be best served by a modification of the trust created under Article IX of the decedent's Will.

Pursuant to N.C. Gen. Stat. Sec. 36A-53, the court ordered that the terms of the trust be modified as requested by plaintiff. From this judgment, defendants appealed.

**Board of Trustees of UNC-CH v. Heirs of Prince**

*Attorney General Rufus L. Edmisten, by Assistant Attorney General George W. Boylan for the plaintiff, appellee.*

*Northen, Little & Bagwell, by O. Kenneth Bagwell, Jr., for the defendants, appellants.*

HEDRICK, Judge.

Defendants contend that the court erred in reforming, pursuant to N.C. Gen. Stat. Sec. 36A-53, the Lillian Hughes Prince Charitable Trust. N.C. Gen. Stat. Sec. 36A-53(a), the Charitable Trusts Administration Act, provides in pertinent part that:

> [i]f a trust for charity is or becomes illegal, or impossible or impracticable of fulfillment . . . and if the settlor, or testator, manifested a general intention to devote the property to charity, any judge of the superior court may . . . order an administration of the trust, devise or bequest as nearly as possible to fulfill the manifested general charitable intention of the settlor or testator.

It is not disputed that the trust created by Mrs. Prince is a charitable trust as it is created for a lawful purpose which promotes the well being of mankind and does not contravene public policy. Rather, defendants contend in Assignment of Error Nos. 1 and 2 that the court erred in finding that the charitable bequest was impractical and impossible of fulfillment, and in finding that Mrs. Prince manifested a general charitable intent in said bequest.

[1] In support of their contention that the court erred in finding Mrs. Prince manifested a general charitable intent in her bequest, defendants cite *Wilson v. Church,* 284 N.C. 284, 200 S.E. 2d 769 (1973), the only case in which the Supreme Court has addressed the issue of whether a testator has manifested general charitable intent. In *Wilson,* the Court said the Superior Court has authority to modify a charitable trust that has become impracticable to fulfill only when "the instrument creating the trust, interpreted in the light of all the circumstances known to the settlor or testator, manifests a general intention to devote the property to charity." *Id.* at 300, 200 S.E. 2d at 779 (citations omitted). Thus, in the present case, we must determine if Mrs. Prince manifested such intent in her will construed as a whole. The Court in *Wilson* held that where the testatrix bequeathed property to the First

Presbyterian Church of Reidsville to be used to build a new Presbyterian church at a specified location as a memorial to her deceased brother and where the purpose of that trust failed, the trust may not be modified pursuant to the cy pres doctrine since the testatrix had only a specific and limited charitable intent. There, the testatrix had the twofold purpose of establishing a memorial to her brother at the specified location and promoting religious activities in this part of her native city. *Id.* at 296, 200 S.E. 2d at 776.

We find the case cited by defendant distinguishable from the present one. Unlike the testator in *Wilson*, Mrs. Prince did not manifest a narrow and particular charitable intent in her will. She did not indicate that only a particular purpose was intended by her, or that she would have preferred to have the whole trust fail if the purpose was impossible of accomplishment.

The evidence tends to show that Mrs. Prince was closely involved with the Carolina Playmakers, which is a University organization whose purpose is the production and performance of dramatic art. Both Mrs. Prince and her husband actively participated in the productions of this organization. Mrs. Prince had leading roles in at least five of these productions. Throughout its history and extending beyond the time of Mrs. Prince's death, the Carolina Playmakers suffered from a lack of adequate theatre facilities.

In reviewing the will of Mrs. Prince, we see she made several bequests to charity. Mrs. Prince bequeathed to the Friends of the Library of the University her property rights arising from a book written by her husband. She left to the University's Art Department all of her husband's illustrations, correspondence, art books, proofs, sketches and other memorabilia. She established at the Boston Museum School of Art a perpetual fund to provide graduate scholarships to students enrolled in the Art Department at the University of North Carolina. Mrs. Prince also made specific bequests to her mother, her sister, and certain friends, all of which were conditioned on such persons surviving her. The residuary estate was bequeathed to the University as provided in Article IX, and there is no provision for reversion or gift over if the trust fails. This evidence is sufficient to support the court's finding that Mrs. Prince manifested a general charitable intent in her will.

Board of Trustees of UNC-CH v. Heirs of Prince

[2] Defendants also challenge the court's finding that changed circumstances rendered the Prince Trust impracticable or impossible of fulfillment. The express purpose of the Trust was the construction of "a building for the Carolina Playmakers." The evidence shows that the initial amount in the trust was $135,000, and that by 1973 the amount had grown to approximately $210,000. Part of this sum was used to pay for plans for a new theatre building. In 1971 the General Assembly allotted $2,250,000 to the University of North Carolina for the purpose of erecting a new building for the University's Department of Dramatic Art. This allocation was eventually used to construct the new theatre, and was sufficient without the addition of the Prince Trust. The new building is used by the Carolina Playmakers as well as by related organizations. The court found that the need for the building contemplated by the Prince Trust has been eliminated by these events, and that this constitutes changed circumstances rendering the Trust impracticable or impossible of fulfillment. The court's finding is supported by the evidence. We uphold its judgment in full.

Affirmed.

Judge WELLS concurs.

Judge PHILLIPS dissents.

Judge PHILLIPS dissenting.

In my opinion the reformation of the trust provision involved in this appeal is not authorized by G.S. 36A-53, and if it was that reformation nevertheless should not be granted at plaintiff's behest, because of its unequitable conduct in the premises.

Article IX of testatrix's will, as I read it, manifested the intention to devote the funds involved only to constructing a building for the Carolina Playmakers, and I see nothing in the provision, as distinguished from other provisions of the will, which manifested "a general intention to devote the property to charity," as the statute requires. The *cy pres* doctrine "may not be used to turn a narrow and particular charitable intent into a general charitable intent." Bogert, Trusts and Trustees, 2d Ed.,

§ 431. And, in my view, the finding that the trust became "impossible or impracticable of fulfillment," as the statute also requires, is not supported by the record, but is contrary to it. The record shows that: The University could have used the trust funds, along with other funds received from the General Assembly, in constructing the new Dramatic Arts Building, plainly within the terms of the trust, but deliberately decided not to do so, after telling the Advisory Budget Commission that the funds were available and would be so used; and that this was done for no purpose other than to reduce the amount of construction monies that the University would have to refund to the State in connection with that project. Because of its refusal to use the funds for the purpose devised and its duplicitous conduct in dealing with both the State and the trust in regard to the Dramatic Arts Building, the University did not come into equity with clean hands.

My vote, therefore, is to reverse the judgment appealed from and to direct the plaintiff appellee to convey the funds involved to the defendants.